# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | CASE NO. 1:10-cv-00285-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTIONS FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| GONZALES, et al., | |
| Defendants. | (Docs. 5, 6, and 7) |

Plaintiff, Seavon Pierce, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 19, 2010. The Complaint states that the allegations therein are based on instances that occurred at California Correctional Institution ("C.C.I.") in Tehachapi, California.

On March 8, 2010, and March 29, 2010, Plaintiff filed motion seeking temporary restraining orders seeking that all CCI "4A Correctional Officers including 4B" be prohibited from all physical and verbal communications with Plaintiff, including the opening of his mail, taping and video recording of Plaintiff, requesting his "sleep cpap machine," that he be allowed to leave his cell for exercise, access to an adequate law library, and to prohibit all communication with defendants except through court or legal representation. On March 29, 2010, Plaintiff also filed a motion seeking a preliminary injunction seeking investigation of this matter as a federal crime, a full and independent investigation of the events that allegedly occurred at Tehachapi, documentation of all of Plaintiff's legal and/or confidential mail, immediate transfer of Plaintiff to a secure setting with meaning ful access to the law library, and no contact with any of the named defendants. On April 29, 2010,

Plaintiff filed a notice of change of address showing that he is now incarcerated at Salinas Valley State Prison ("S.V.S.P.") in Soledad, California.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The events at issue in this action occurred in 2009 while Plaintiff was housed at C.C.I.. (Doc. 1.) Plaintiff is now housed at S.V.S.P.. It appears that the subject motions were aimed at remedying Plaintiff's conditions of confinement at C.C.I.. Since Plaintiff is no longer housed at C.C.I. any such motions are moot.

To the extent that Plaintiff might have subsequently intended the subject motions to address his conditions of confinement at S.V.S.P., the case or controversy requirement cannot be met in light of the fact that the issues sought to be remedied in these motions bear no relation, jurisdictionally, to the past events at C.C.I. which gave rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v.

Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Because the case-or-controversy requirement is not met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief applicable to his conditions of confinement at S.V.S.P.. Id. The only relief available to Plaintiff in this action, should he prevail, is money damages for the past violation of his constitutional rights while housed at C.C.I. in 2009.

Accordingly, to the extent that they were intended to address Plaintiff's conditions of confinement at C.C.I., Plaintiff's motions for temporary restraining orders, filed March 8, 2010, and March 29, 2010, and Plaintiff's motion for preliminary injunctive relief, filed March 29, 2010, are HEREBY DENIED as moot; and to the extent that they might be intended to address Plaintiff's conditions of confinement at S.V.S.P., Plaintiff's motions for temporary restraining orders, filed March 8, 2010, and March 29, 2010, and Plaintiff's motion for preliminary injunctive relief, filed March 29, 2010, are HEREBY DENIED for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   May 4, 2010**             /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE