IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SEAVON PIERCE,** | Case No. 1:10-cv-00285 JLT (PC) |
| Plaintiff, | **ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL (Doc. 37)** |
| v. | |
| **FERNANDO GONZALEZ, et al.,** | **ORDER DISREGARDING REQUEST FOR TRANSFER OF JURISDICTION (Doc. 36)** |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On December 3, 2012, the Court dismissed this case based upon Plaintiff's failure to state a claim. (Doc. 27). This occurred only after Plaintiff's four unsuccessful attempts to state facts to support a claim (Docs. 1, 14, 19, 25) and the Court providing Plaintiff explicit instruction as to the deficiencies of his complaint. (Doc. 24)

Soon thereafter, Plaintiff filed a notice of appeal. (Doc. 33) Also, on January 24, 2013, Plaintiff filed a motion to transfer the jurisdiction over this matter to the Ninth Circuit Court of Appeals.[1] (Doc. 36) On January 25, 2013, the Ninth Circuit referred the matter back to this Court for the limited purpose of deciding whether Plaintiff's in forma pauperis status should

---

[1] Plaintiff is advised that transfer of jurisdiction occurs automatically and no such motion is required. Thus, the motion to transfer jurisdiction to the Ninth Circuit Court of Appeals (Doc. 36), is **DISREGARDED**.

1

1 continue on appeal. (Doc. 37) For the reasons set forth below, the undersigned concludes that it
2 should not.

3    "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it
4 is not taken in good faith." 28 U.S.C. § 1915(a)(3). "In the absence of some evident improper
5 motive, the applicant's good faith is established by the presentation of any issue that is not plainly
6 frivolous." Ellis v. United States, 356 U.S. 674 (1958). An action is frivolous "where it lacks an
7 arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In other
8 words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not
9 only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

10    In his third amended pleading, Plaintiff sets forth a myriad of complaints related to the
11 operation of Tehachapi State Prison. (Doc. 25) However, none state a claim.

12    For example, Plaintiff complains that the prison officials failed to properly process his
13 "legal mail." However, he admits that the mail at issue was not truly "legal mail," given the
14 correspondence was not directed to his lawyer or the court. Therefore, it was not entitled to the
15 type of processing—opening by prison officials only in his presence--which Plaintiff claimed was
16 due. Similarly, Plaintiff claimed that mail was not timely delivered and that his mail was being
17 opened in retaliation for the grievances he submitted against a particular officer. However,
18 Plaintiff failed to allege facts to support these claims and, though the Court instructed Plaintiff
19 that he was required to name—or describe--the person or persons who violated the claimed right,
20 Plaintiff did not do so.

21    Likewise, Plaintiff complained the prison's law library was insufficient. He complained
22 that he was ill-informed about the requirements of habeas litigation because of the library's
23 inadequacy. As a result, he alleged that part of his habeas corpus petition was determined to be
24 successive. Notably, despite instruction from the Court, Plaintiff failed to provide any facts to
25 show he was prevented him from presenting a non-frivolous claim and, therefore, he did not
26 demonstrate an actual injury. Johnson v. Hornung, 358 F. Supp. 2d 910, 918 (S.D. Cal. 2005)
27 (dismissing law library access claim where the claimed injury was the dismissal of a successive
28 habeas corpus petition).

In addition, Plaintiff complained that prison officials failed to properly process inmate appeals. However, this complaint does not state a claim under the Eighth Amendment. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Plaintiff also complained he was placed in Administrative Segregation but failed, despite instruction to do so, to provide a factual basis to support that he suffered an atypical prison hardship. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Based upon the foregoing, the Court finds the appeal from the dismissal of the action lacks an arguable basis either in law or in fact and is not taken in good faith.

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's motion to transfer jurisdiction to the Ninth Circuit Court of Appeals (Doc. 36) is **DISREGARDED**;

2. The Court certifies that Plaintiff's appeal is not taken in good faith and Plaintiff's in forma pauperis status is **REVOKED**;

3. The Clerk of the Court is directed to forward a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **January 29, 2013**                    /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE